**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
**LUFTHANSA CARGO AG, et al.,**

                              **Plaintiffs,**                          **MEMORANDUM**
                                                                              **AND ORDER**

                    **-against-**                                      **12-CV-4869 (RJD)**

**TOTAL AIRPORT SERVICES, INC.,**

                              **Defendant.**
----------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      The central issue in this case is whether it was reasonable for plaintiffs to repair their damaged MD-11 freighter aircraft in the manner that they did. Accordingly, each side has retained experts to opine on the appropriate method(s) of repair. Currently pending before this Court is a dispute relating to a request by defendant Total Airport Services, Inc. ("defendant") to have one of its experts, Kamala Meader ("Meader"), inspect an aircraft structurally similar to the one that was damaged. See Plaintiffs' Status Report (Sept. 3, 2014) ("Pl. 9/3/14 Let."), Electronic Case Filing ("ECF") Document Entry ("DE") #75; Defendant's Status Report (Sept. 3, 2014) ("Def. 9/3/14 Let."), DE #76; Plaintiffs' Further Status Report (Sept. 4, 2014) ("Pl. 9/4/14 Let."), DE #77.

      By way of background, on July 17, 2014, plaintiffs served defendant with an unauthorized, untimely rebuttal report by plaintiffs' expert, Dr. Mark J. Viz. See Letter Request for Conference (July 17, 2014), DE #57. This rebuttal report criticized Meader's methodology and analysis and resulted in a slew of letters to the Court concerning the appropriate sanction, if any, for plaintiffs' discovery violations under Rules 26 and 37 of the

Federal Rules of Civil Procedure.  See, e.g., Minute Order (July 18, 2014), DE #63; Order to Show Cause (July 24, 2014), DE #65.  Ultimately, defendant requested that Meader be allowed to prepare a report in response to Dr. Viz's rebuttal report, but sought to recover defendant's expert fees and associated costs incurred in preparing Meader's sur-rebuttal report.  See Response to Order to Show Cause (July 28, 2014), DE #66.  The Court thereafter denied defendant's request for a sanction shifting the aforesaid costs to plaintiffs.  See Minute Entry (Aug. 13, 2014) ("8/13/14 Minute Entry"), DE #73.

As the dispute presently stands, plaintiffs are prepared to make an MD-11 aircraft bearing registration D-ALCR[1] available for Meader to inspect in Victorville, California, as long as defendant bears the costs associated therewith.[2]  Plaintiffs contend that Meader's inspection will result in approximately $10,600 in costs: (1) about $2,600 for the labor costs incurred in removing and reinstalling floor panels on the aircraft; and (2) approximately $8,000 to have a representative of plaintiffs from Germany be present in Victorville, California, for quality control.  See Pl. 9/3/14 Let. at 2.[3]  Defendant refuses to absorb those costs on the grounds that the labor costs are "excessive" and the representative costs are

---

[1] Although the MD-11 aircraft that is the subject of this lawsuit bore the registration D-ALCN, plaintiffs have confirmed that a D-ALCR is structurally similar to a D-ALCN in the affected area.  See Pl. 9/4/14 Let. at 1; see also Def. 9/3/14 Let. at 2 (defendant requires that the D-ALCR be structurally similar to the D-ALCN).

[2] Plaintiffs have MD-11 aircrafts flying in and out of other airports in the United States but, due to ongoing flight schedules, requiring one of the active MD-11 aircrafts to be taken out of service in order to be inspected is more costly than utilizing the MD-11 aircraft located in Victorville, California.  See Pl. 9/3/14 Let. at 3.

[3] Plaintiffs imply that the presence of a Lufthansa representative is required by European aviation regulations, see Pl. 9/3/14 Let. at 2, and defendant has not disputed this suggestion.

unnecessary. See Def. 9/3/14 Let. at 2. Defendant also objects to bearing the entire cost of Meader's inspection, inasmuch as plaintiffs' expert, Dr. Viz, also plans to attend. See id.

The Court adheres to its prior ruling that the costs of preparing Meader's sur-rebuttal report should not be shifted to plaintiffs, as "the costs incurred in preparing that response cannot be said to have been 'caused by' the failure to comply with the Court's scheduling order or Rule 26(a)(2)(D)(ii)." 8/13/14 Minute Entry at 1-2 (quoting Fed. R. Civ. P. 37(c)(1)(A)). Defendant's assertion that $2,600 in labor costs is "excessive" is conclusory, and devoid of any suggestion as to what labor costs would be reasonable. See Def. 9/3/14 Let. at 2. Indeed, according to plaintiffs, defendant refuses to reimburse plaintiffs for *any* of the labor costs "associated with preparing the aircraft for inspection." See Pl. 9/3/14 Let. at 2. That said, defendant will be required to absorb the *actual* labor costs, not some arbitrary amount attributed by plaintiffs to the project.

Defendant also argues that paying to have a representative of plaintiffs present during the inspection in California is unnecessary for quality control because defendant assumes that (1) plaintiffs either have representatives already in Victorville with the MD-11 aircraft or (2) employees of the third-party entity contracted to store the aircraft are adequate representatives of plaintiffs. See Def. 9/3/14 Let. at 2. But, as plaintiffs' counsel explains, defendant's assumptions are incorrect: the MD-11 aircraft in Victorville, California is not under repair, and therefore plaintiffs have no personnel at that location; and presiding over Meader's inspection would fall outside the scope of the contractual obligations of the third-party entity storing the aircraft for plaintiffs. See Pl. 9/4/14 Let. at 2. Therefore, the Court directs

defendant to reimburse the actual costs incurred by plaintiffs in having their representative present,[4] except that plaintiffs -- which are in the business of air transportation -- will be required to absorb the cost of an airline ticket (valued by plaintiffs at $3,000) to transport their representative to California. See Pl. 9/3/14 Let. at 2.

Finally, contrary to defendant's suggestion, see Def. 9/3/14 Let. at 2, Dr. Viz's presence at the inspection as a passive observer is insufficient justification for shifting the costs of Meader's inspection to plaintiffs.

In conclusion, defendant may, at its election, inspect the MD-11 aircraft currently located in Victorville, California, but it must bear the aforesaid actual costs in doing so.[5]

The parties are directed to promptly arrange for the aircraft inspection. Defendant shall have until October 24, 2014 to serve Meader's sur-rebuttal report, and expert depositions must be completed by December 12, 2014. Any request for a premotion conference is due by December 19, 2014. If neither party wishes to file a dispositive motion, then the parties are directed to serve and file their Joint Pretrial Order ("JPTO") in accordance with the Honorable Raymond J. Dearie's individual rules, pursuant to the following schedule: Plaintiffs' portion shall be served by January 7, 2015; defendant's shall be served by January 14, 2015: the

---

[4] Plaintiffs do not explain how they arrived at the $1,500 "daily fee" for the representative attending the inspection. See Pl. 9/3/14 Let. at 2.

[5] It bears noting that the Court would have been justified in declining to allow an inspection of an aircraft at this late juncture, given defendant's and/or Meader's decision not to conduct such an inspection in connection with her initial report, as well as the availability of Boeing blueprints from which a damage tolerance analysis could be performed. Furthermore, the costs defendant complains of are minimal, as compared with the legal expenses defendant has likely already incurred in litigating a discovery dispute that has now been ongoing for almost two months.

combined JPTO shall be filed via ECF by January 21, 2015.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**September 10, 2014**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**